IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RACHEL R. TYLER, | ) | 8:07CV447 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WELLS FARGO BANK, and two | ) | |
| employees thereof, TAMMY | ) | |
| PEOPLES, ANITA JOHNSON, | ) | |
| manager, and JESSICA CROSS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint on November 21, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on November 21, 2007 against Defendant Wells Fargo Bank and three of its employees, Tammy Peoples, Anita Johnson, and Jessica Cross. (Filing No. 1.) Plaintiff alleges that her claims are brought as a "diversity of citizenship action." (*Id.* at CM/ECF p. 1.)

Plaintiff alleges that she visited a Wells Fargo Bank location on three separate occasions. On the first visit, Plaintiff was initially denied the ability to deposit a $50.00 bill because Defendant Cross determined that the bill was counterfeit. Plaintiff "objected" and the bill was "finally accepted" as "authentic." (*Id.* at CM/ECF p. 1.) On the second visit, Plaintiff withdrew money from her Wells Fargo bank account. Plaintiff did not receive the full amount of the withdrawal from

Defendant Cross and immediately contacted Defendant Johnson. The "shorted" cash was credited back to Plaintiff's account. On the third visit, Plaintiff "waited for service for 20 minutes" at the Wells Fargo bank drive-up window. Defendant Peoples stated that she did not see Plaintiff and laughed.

Plaintiff claims that these three incidents amount to "systematic[] discriminat[ion]" against "niggas," "females in general," and "black niggarow females." (*Id.* at CM/ECF p. 3, spelling in original.) Plaintiff seeks $100,000,000.00 in damages.

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Therefore, where a pro se plaintiff proceeding in forma pauperis does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).

A pro se complaint should be construed liberally. *See Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se

2

litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Stringer*, 446 F.3d at 802 (internal citations and quotation marks omitted).

## III. DISCUSSION OF CLAIMS

Even liberally construed, it is very unclear what claims Plaintiff makes in her Complaint. The court is therefore concerned that it lacks subject matter jurisdiction over Plaintiff's claims. As set forth by the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).[1] Additionally, subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

For purposes of determining diversity of citizenship jurisdiction, a corporation's citizenship is the state of its principal place of business and its state of

---

[1] Liberally construed, Plaintiff arguably seeks relief for constitutional violations pursuant to 42 U.S.C. § 1983 or relief pursuant to Title VII of the Civil Rights Act of 1964. However, Defendants are not state actors, as required by 42 U.S.C. § 1983, and Plaintiff was not an employee of Defendants, as required by Title VII. Therefore, Plaintiff's claims are not federal claims and the court lacks subject matter jurisdiction on this basis.

incorporation. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). Plaintiff states that this is a "diversity of citizenship action," but does not set forth a single allegation regarding the citizenship of Wells Fargo Bank, the employee-Defendants, or Plaintiff herself. If Plaintiff is a citizen of Nebraska, and one or more Defendants are also citizens of Nebraska, there is no diversity of citizenship and the court lacks subject matter jurisdiction. However, Plaintiff's allegations are insufficient for the court to make this determination. Therefore, Plaintiff shall have 30 days in which to amend her Complaint in order to clearly set forth the basis for this court's jurisdiction. If Plaintiff fails to set forth an adequate basis for the court's jurisdiction, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days, or until April 9, 2008, in which to file an amended complaint. The amended complaint shall clearly set forth the basis for this court's jurisdiction and shall state the citizenship of each of the parties. In the absence of an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without further notice.

2. The Clerk of the court is directed to set a pro se case management deadline with the following text: April 9, 2008: check for amended complaint and dismiss if none filed.

3. The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter.

March 10, 2008.                BY THE COURT:

                               s/ Joseph F. Bataillon
                               Chief United States District Judge